UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00445-FDW-DCK

| GAFCON, INC., | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| AECOM CARIBE, LLP, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Plaintiff's Motion to Remand to State Court and Motion for Attorney Fees. (Doc. No. 13). Defendant filed a Memorandum in Opposition, (Doc. No. 20), and Plaintiff filed a Memorandum in Support of its Motion to Remand. (Doc. No. 23). For the reasons set forth below, Plaintiff's Motion to Remand to State Court is GRANTED and the accompanying Motion for Attorney Fees is DENIED.

## I. Background

Plaintiff's claims arise out of a contractual relationship between the parties for information technology and staff augmentation services in support of Defendant's work on construction projects in the U.S. Virgin Islands. On February 2, 2018, Defendant entered into a contract (the "Prime Contract") with the Virgin Islands Housing Finance Authority to undertake residential construction projects to repair the destruction caused by Hurricanes Irma and Maria. Defendant then entered into a subcontract with Plaintiff (the "Subcontract") for services related to Defendant's performance of the Prime Contract.

Plaintiff originally sued Defendant in January 2019 in California state court to recover allegedly unpaid invoices under the Subcontract. (Doc. No. 1-1, p. 13). The California court, evaluating the forum selection and choice of law provisions in the Subcontract, found "that North Carolina is the proper forum, but that the North Carolina court is required to apply California law." (Id., p. 257). Accordingly, the California action was stayed pending a filing "in the appropriate North Carolina court, which shall apply California law in adjudicating the underlying dispute." (Id., p. 258).

Following the California state court's ruling, Plaintiff filed a Complaint (Doc. No. 1-1) on August 14, 2019 in Mecklenburg County Superior Court. On September 11, 2019, Defendant removed the action to the United States District Court for the Western District of North Carolina alleging federal question jurisdiction under 28 U.S.C. § 1331. (Doc. No. 1, p. 2). On October 7, 2019, Defendant filed a Motion to Dismiss and memorandum in support (Doc. Nos. 8–9) as well as a Motion for Judicial Notice (Doc. No. 10). Defendant additionally requested a hearing regarding the Motion to Dismiss. (Doc. No. 11). Plaintiff then filed a Motion to Remand to State Court and Motion for Attorney Fees and memorandum in support. (Doc. Nos. 13–14).

## II. Discussion

The primary issue before the Court today is whether this Court may exercise subject matter jurisdiction over this case. Defendant raises no diversity of citizenship allegation and bases the propriety of removal squarely on its argument that Plaintiff's claims arise under the laws of the United States and therefore grants the Court federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1, p. 2).

Absent proper jurisdiction, the case must be remanded to state court. Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) ("No party can waive the [jurisdictional] defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own.") (internal citation omitted). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)).

Jurisdiction is proper in cases "arising under" federal law when a plaintiff's complaint establishes "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assur. Inc. v. McVeigh, 547 U.S. 677, 699 (2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for Southern Cal., 463 U.S. 1, 27–28 (1983)). Federal courts may exercise jurisdiction over a narrow category of cases that arise under state law, but implicate significant issues of federal law, if the claims "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

The types of state law claims that arise under federal law and trigger federal question jurisdiction ultimately amount to "a special and small category." Empire Healthchoice Assur. Inc., 547 U.S. at 699; see also Gunn, 568 U.S. at 258 (describing courts' difficulty in defining the slim arising under category not as painting on a blank canvas but rather a "canvas look[ing] like one that Jackson Pollock got to first"). In Gunn, the Supreme Court articulated a four-part

3

test to determine whether claims fall within this limited category of federal questions. Federal jurisdiction lies over a state law claim that is:

> (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts.

Id. (citing Grable, 545 U.S. at 313–14) (internal citations omitted).

However, a federal defense "is not grounds for § 1331 jurisdiction." Burrell v. Bayer Corp., 918 F.3d 372, 381 (4th Cir. 2019). "[A] case may not be removed to federal court [under § 1331] on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Id. (alteration in original) (quoting Pinney v. Nokia, Inc., 402 F.3d 430, 443 (4th Cir. 2005)).

Defendant, as the party seeking removal in this matter, bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (1994). Defendant's basis for removal stems from its argument that "if California law could be applied to the work performed here to nullify the 'pay when paid' clauses in the Subcontract as Plaintiff claims, California's public policy, if not supplanted by federal common law, would significantly conflict with and would frustrate the legislative purposes of the Stafford Act," 42 U.S.C. § 5121 *et seq.* (Doc. No. 1, p. 11). The Court applies each of the Gunn elements in turn to test whether federal question jurisdiction properly exists here.

4

### A. Necessarily Raised

A federal issue is "necessarily raised" for federal question jurisdiction "only if it is a 'necessary element of one of the well-pleaded state claims.'" Burrell v. Bayer Corp., 918 F.3d 372, 381 (4th Cir. 2019) (quoting Franchise Tax Bd., 463 U.S. at 13). "It is *not* enough that federal law becomes relevant by virtue of a 'defense . . . anticipated in the plaintiff's complaint.'" Id. (emphasis in original) (quoting Franchise Tax Bd., 463 U.S. at 14).

Here, an anticipated federal defense provides Defendant's basis for removal and presents the fatal flaw in Defendant's argument against remand. Plaintiff "summons federal common law into its declaratory judgment claim," according to Defendant, "by asking the Court to use state common law to declare unenforceable the 'pay when paid' clauses and allow it to recover under the Subcontract in a manner conflicting with the uniquely federal interest in cost-effective and manageable large-scale disaster relief projects." (Doc. No. 20, p. 20). However, the Fourth Circuit in Burrell made clear that a complaint that "summons" federal law into the case by virtue of the defendant's anticipated defense will not support removal. Plaintiff's allegations here are founded on state law breach of contract claims and make no mention of the Stafford Act. Moreover, paragraph 5.1 of the Subcontract, the "pay when paid" provision giving rise to this dispute, states:

> AECOM shall pay the undisputed portions of SUBCONTRACTOR'S invoice within 7 calendar days of AECOM's receipt of the corresponding payment from the Client (or such lesser time required by law or the Prime Contract) less any corresponding hold-back or retention set forth in the Prime Contract. **Except to the extent prohibited by law, receipt of payment of SUBCONTRACTOR'S invoice by AECOM from Client is a condition precedent to AECOM's obligation to remit payment to SUBCONTRACTOR.**

5

(Doc. No. 1-1, pp. 41-42) (emphasis in original). The contract therefore explicitly anticipates that the pay when paid provision may be prohibited by law to some extent. Plaintiff's argument regarding California's public policy against enforcing pay when paid provisions raises no federal cause of action and is based on common law contract principles. While the Court expresses no opinion as to the merit of Plaintiff's argument on the merits, the Court also rejects Defendant's argument that federal common law is "necessarily raised" or controls the case simply because it provides a potential defense to allegations in the Complaint.

### B.  Actually Disputed

While the Court could halt its analysis here since Defendant has failed to meet the first element showing that federal issues are necessarily raised, the Court finishes its evaluation of the <u>Gunn</u> elements. Defendant's argument also fails the second prong of the <u>Gunn</u> test. Defendant argues that, because the Prime Contract ultimately involved disaster relief projects with federal support under the Stafford Act, "federal common law need only supplant the offended state's public policy and enforce the contract as written." (Doc. No. 1, p. 13). As written, paragraph 18 of the Subcontract is titled "Governing Law" and states:

> The validity, construction and performance of this Subcontract and all disputes between the Parties arising out of or related to this Subcontract shall be governed by the laws, without regard to the law as to choice or conflict of law, of the jurisdiction set forth in the Prime Contract; or if not expressly set forth in the Prime Contract, by the laws of the State of California.

(Doc. No. 1-1, p. 36).

The contract as written directs a court to apply California law in the absence of a choice of law provision in the Prime Contract. The parties do not dispute that the Prime

Contract relevant here contained no such choice of law provision, so the Subcontract's choice of law controls. Accordingly, whether California's public policy is "offended" by the terms of the contract is a matter left to the appropriate North Carolina state court applying the Subcontract as written, not for this Court to "supplant" using Defendant's preferred but largely unidentified "federal common law." To the extent the provisions in the contract are disputed, the issue is best left to state court to interpret as a matter of common law.

### C. Substantial

Even assuming the federal issues here are actually disputed, the "substantial" facet of the Grable analysis is a "high bar" that involves a level of national importance above and beyond the particular facts of the case at hand. See Burrell, 918 F.3d at 385 (quoting Gunn, 568 U.S. at 260) ("[T]he crux of what makes a question 'substantial' for § 1331 purposes is that it is 'important to the federal system as a whole,' and not just to the 'particular parties in the immediate suit.'"). The possibility that fact-specific federal issues in a case may resurface in other cases does not in itself support federal jurisdiction because "even a strong interest in uniformity of results is not enough to make a federal question 'substantial' so that it may be heard in federal court." Id. at 386. Remand is proper when "any statutory interpretation required by this case is incidental to the application of" federal law to the facts underlying the dispute. See MHA LLC v. Healthfirst, Inc., 629 F. App'x 409, 414 (3d Cir. 2015). Defendant's argument that the Stafford Act controls the case is incidental to the contract at the heart of the dispute because principles of contract interpretation may dispose of the case without interpreting provisions of the Stafford Act.

7

Defendant's removal of this case therefore does not rely on a substantial issue of federal law sufficient to satisfy Grable.

### D. Capable of Resolution in Federal Court and the Federal-State Balance

The final element of the Gunn test is whether "a federal forum may entertain the claims without disturbing any congressionally approved balance of federal and state power." Gunn, 568 at 258. Explaining its reasoning in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986), the Supreme Court noted in Grable that the absence of a congressionally approved cause of action is seen "as a missing welcome mat, required in the circumstances, when exercising federal jurisdiction over a state [] action would have attracted a horde of original filings and removal cases raising other state claims with embedded federal issues." Grable, 545 U.S. at 318.

Defendant essentially admits by invoking "federal common law" as its basis for removal that Congress did not create an explicit right to sue under the Stafford Act that would provide Plaintiff an alternative cause of action. (Doc. No. 1, p. 13). Defendant argues that "[b]ecause the issue is a novel question of federal common law and not a statutory application, federal court interpretation is particularly needed." (Doc. No. 20, p. 15). By exercising federal jurisdiction over the tenuous question of federal common law Defendant alleges, however, this Court would be extending the "welcome mat" in an impermissible manner under Merrell Dow and Grable. Indeed, North Carolina courts explicitly handle "complex business cases" that present issues of contract interpretation relevant to this case. See N.C. Gen. Stat. § 7A-45.4 (2016). The Court therefore agrees with Plaintiff that the parties may "benefit from having one, experienced judge

specifically designated to hear all issues in the matter" in the North Carolina Business Court. (Doc. No. 14-1, p. 3).

### III. Conclusion

The Court finally notes that, in matters involving doubts as to whether removal is proper, any such doubts must be resolved in favor of remand. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction. . . . If federal jurisdiction is doubtful, a remand is necessary.") (internal citations omitted). Although remand is proper and Defendant's removal lacks significant precedential support, the Court declines to use its discretion to award Plaintiff attorneys' fees because an "objectively reasonable" basis for removal does exist based on the federal interests in disaster recovery projects ultimately implicated by Plaintiff's lawsuit. See Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Remand, (Doc. No. 13) is **GRANTED**. Specifically, this matter shall be remanded to Mecklenburg County Superior Court;

2. Plaintiff's Motion for Attorneys' Fees within the Motion to Remand is **DENIED**;

3. Defendant's Motion to Dismiss, (Doc. No. 8), Motion for Judicial Notice, (Doc. No. 10), and Motion for Hearing, (Doc. No. 11), are **DISMISSED** as **moot**; and

4. The Clerk of Court is directed to close this case.

Signed: January 7, 2020

Frank D. Whitney
Chief United States District Judge